**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **TIMOTHY SUSSMAN**<br>1712 Independence Avenue, SE<br>Apartment 2<br>Washington, DC 20003<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA**<br>**SERVE:**<br>Todd Blanche, Esquire<br>Attorney General of<br>the United States<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br><br>and<br><br>Jeanine Pirro, Esquire<br>United States Attorney for<br>the District of Columbia<br>555 4th Street, NW<br>Washington, DC 20530<br><br>Defendant. | : | **Case No.:** |

## COMPLAINT

COMES NOW Plaintiff Timothy Sussman, by and through his attorneys, Joseph Cammarata, Esquire, Stephen P. Ollar, Esquire, and the law firm of Chaikin, Sherman, Cammarata & Siegel, P.C., and respectfully states as follows:

**INTRODUCTION**

1. This Court has jurisdiction over the within cause of action pursuant to the Federal Torts Claims Act (FTCA) and that the incident at issue occurred in the District of Columbia.

2. On or about February 3, 2026, Plaintiff filed a Standard Form 95 claim with the Office of General Counsel for the United States Capitol Police, pursuant to 28 U.S.C. §2675(a), a copy of which is attached hereto as Exhibit 1. On June 25, 2026, Defendant United States of America denied the Plaintiff's claim.

**COUNT I**
(Negligence - Personal Injury)

3. On or about April 17, 2024, at approximately 6:17 p.m., Plaintiff Timothy Sussman was operating an electric scooter proceeding on Constitution Avenue, NE, in Washington, DC.

4. At the intersection of Constitution Avenue, NE and Delaware Avenue, NE, Plaintiff Timothy Sussman attempted to enter the Capitol grounds through an entry point controlled by Defendant United States of America (hereinafter "United States"). The entrance is equipped with a metal wedge barrier, designed to prevent motor vehicles from entering the grounds when the barrier is in the up position.

5. At said time and place, as Plaintiff Timothy Sussman, with all due regard for his own safety, proceeded over the metal

wedge barrier while it was in the down position, an officer of the United States Capitol Police, acting as an agent, servant, and/or employee of Defendant United States, acting in the course and scope of his employment, negligently raised the wedge barrier without warning, while Plaintiff was still on the scooter, causing Plaintiff to be violently thrown face first onto the concrete pavement.

6. At all relevant times mentioned herein, Defendant United States, acting by and through its agents, servants, and/or employees, owed a continuing duty to operate the wedge barrier in a reasonable and prudent manner with due regard to persons then and there lawfully upon said roadway, such as the Plaintiff.

7. Defendant United States, acting by and through its agents, servants, and/or employees, breached the duties owed to the Plaintiff, Timothy Sussman. The incident referred to herein was caused by the negligence of Defendant United States, acting by and through its agents, servants and/or employees, who, inter alia, raised the wedge barrier without ensuring it was clear of all traffic, including, but not limited to, vehicle, bicycle, scooter, or pedestrian traffic; failed to stop all traffic, including but not limited to, vehicle, cyclist, scooter, or pedestrian traffic from proceeding through the entry point, before raising the wedge barrier; failed to use reasonable and ordinary care in the operation of the wedge barrier; failed to

have appropriate and timely notices, warnings, and/or signals to notify the Plaintiff that that the wedge barrier was being raised to the up position; and failed to obey the laws and regulations of the United States and/or District of Columbia, then and there in full force and effect. At all times mentioned herein, Plaintiff was free of negligence and/or contributory negligence.

8. As a direct and proximate result of Defendant's aforesaid negligence, Plaintiff Timothy Sussman suffered injuries and damages, including but not limited to: fractures of the frontal bone, anterior left occipital bone, right sided medially displaced nasal bone, and right triquetrum; a traumatic brain injury, with associated cognitive deficits, vestibular disorder, nausea, vomiting, and post-traumatic headaches; lacerations of the right forehead and lower eyelid, requiring stitches; occipital neuritis; trigeminal neuritis; cervical subluxation; strain and sprain of the cervical spine; and lacerations, contusions, and abrasions; he has incurred and will continue to incur, medical and hospital expenses in an effort to care for his injuries; he has suffered, and will in the future continue to suffer, a loss of earnings and/or earning capacity; and he has suffered, and will in the future suffer, great pain of body and mind; all of which may be permanent in nature.

WHEREFORE, Plaintiff Timothy Sussman demands judgment of and against Defendant The United States of America in the full amount

of Twenty Million Dollars ($20,000,000.00), plus pre-judgment interest and costs.

Respectfully submitted,

**CHAIKIN, SHERMAN, CAMMARATA & SIEGEL, P.C.**

Joseph Cammarata
DC Bar No. 389254
joe@dc-law.net

Stephen P. Ollar
DC Bar No. 1617446
ollar@dc-law.net
1232 17th St., NW
Washington, DC 20036
Tel: (202) 659-8600
Fax: (202) 659-8680
*Attorneys for Plaintiff*